**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30167 |
| Plaintiff-Appellee, | D.C. No.<br>6:20-cr-00002-SEH-1 |
| v. | |
| CASEY RAY CULP, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted June 10, 2021[**]
Seattle, Washington

Before:  W. FLETCHER, WATFORD, and COLLINS, Circuit Judges.

Casey Ray Culp challenges the sentence imposed following his guilty plea

for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).

Despite the appeal waiver contained in Culp's plea agreement, we have jurisdiction

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

to determine whether his sentence violated the Constitution. *United States v. Torres*, 828 F.3d 1113, 1124–25 (9th Cir. 2016). Because it did not, we dismiss.

Culp is a 42-year-old resident of Montana. On July 4, 2019, while drunk and high on marijuana, Culp attempted to enter a residence in Dundee, Iowa. During a pat down conducted in connection with Culp's ensuing arrest, the county sheriff's deputies discovered a .25-caliber pistol in his shorts. After the case was transferred to the District of Montana pursuant to Federal Rule of Criminal Procedure 20, Culp pled guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). In the plea agreement, Culp knowingly and voluntarily waived his right to appeal his sentence, unless that sentence was "constitutionally defective."

Culp had previously been convicted of a felony punishable by a term of imprisonment of more than one year. Given his criminal history and the facts to which he stipulated, the Sentencing Guidelines range was 70 to 87 months. Culp submitted nine letters from his family, friends, and employer. These letters explained that Culp had reconnected with his family, had secured consistent employment, had spent one year sober, and had become a productive member of society. Some of these witnesses testified. Culp took full responsibility for his crime. The district judge imposed a 75-month sentence.

1.  Culp's sentence did not violate the Eighth Amendment. In non-capital cases, the Eighth Amendment "forbids only extreme sentences that are grossly disproportionate to the crime." *Graham v. Florida*, 560 U.S. 48, 60 (2010) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring in part and concurring in the judgment)). A sentence within statutory limits will generally not violate the Eighth Amendment. *See United States v. Parker*, 241 F.3d 1114, 1117–18 (9th Cir. 2001). Though a different judge might have given more weight to the letters and the testimony attesting to Culp's rehabilitation, the 75-month sentence was within the Guidelines range and the limits imposed by the Constitution.

2.  Nor was there any violation of Culp's Fifth Amendment right to due process. The judge evaluated the evidence, including the presentations from Culp's family and friends, and made an individualized assessment as our precedent requires. *See United States v. Carty*, 520 F.3d 984, 990–93 (9th Cir. 2008) (en banc).

Because there was no constitutional defect, the appeal waiver applies.

**DISMISSED.**